S. ASHAR AHMED, ESQ., CSB # 256711
**INFINITY LAW GROUP LLP**
1020 Aileen St.
Lafayette, CA 94549
Telephone:    925-799-2888
Facsimile:    415-426-3581
Email: aahmed@infinityalawca.com

ADAM S. HEDER, ESQ., CSB #270946
**HARRIS BERNE CHRISTENSEN LLP**
15350 SW Sequoia Parkway, Suite 250
Portland, OR 97224
Telephone: 503-968-1475
Facsimile: 503-968-2003
Email: adamh@hbclawyers.com

Attorneys for Plaintiff Sparrow Fund Management, LP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPARROW FUND MANAGEMENT, LP,<br><br>Plaintiff,<br><br>v.<br><br>MIMEDX GROUP, INC., PARKER H. "PETE" PETIT and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: **'21CV1615 LAB DEB**<br><br>**DECLARATION OF ADAM S. HEDER IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE OUT OF DISTRICT SUBPOENA FOR DOCUMENT PRODUCTION TO THIRD-PARTY AXOS BANK (FKA BOFI FEDERAL BANK); MOTION TO TRANSFER VENUE; AND MOTION TO DISQUALIFY COUNSEL** |

I, Adam S. Heder, declare:

1.    I am one of the attorneys of record for Plaintiff Sparrow Fund Management, LP ("Sparrow") in the above-referenced matter and one of the attorneys of record for Plaintiff in the

S.D.N.Y. action entitled *Sparrow Fund Management, LP v. MiMedx Group, Inc.,* Case No. 18-cv-04921.

2. I have been in contact with counsel for Third-Party Axos Bank (FKA BofI Federal Bank) ("Axos") since last year. Ms. Polly Towill of the law firm, Sheppard Mullin Richter & Hampton, LLP ("Sheppard Mullin"), has been the attorney from Sheppard Mullin that I have corresponded with.

3. I have discussed the issues raised in this motion with her by email and by telephone on several occasions. We have been unable to reach a resolution.

4. Axos is a public company traded on the New York Stock Exchange. It advertises on its website that it does business in New York, New York. On the New York Secretary of State's website, it is registered to do business.

5. When Sparrow filed its motion to compel initially in the Southern District of New York, Axos appeared to contest venue. There is no question Axos has a presence in New York and regularly does business in New York. It would suffer no hardships by appearing in New York.

6. I have attached hereto as Exhibit 1 a copy of the subpoena that was served on Axos in this matter.

7. In corresponding with Ms. Towill, Ms. Towill has confirmed that Axos and MiMedx had a "common interest" agreement in connection with their joint efforts to identify Aurelius, yet she claims Axos was withholding only one document that would even otherwise be responsive that was protected by the "common interest" agreement. MiMedx subsequently produced that document.

8. I have attached hereto as exhibits a handful of documents that were produced in the underlying matter. MiMedx specifically agreed the documents at issue here are not confidential under any protective order.

9. I have attached hereto as Exhibit 2, a copy of an email between Mr. Pernini, an attorney from the law firm of Wargo French LLP (one of the two law firms that represented MiMedx in connection with its malicious lawsuit against Sparrow) and employees of MiMedx in

1  the days before MiMedx sued Sparrow. I have highlighted in yellow the most relevant portions of
2  that email. In short, Mr. Pernini recounts for MiMedx a conversation with Ms. Towill, in which
3  she represented her "70%" certainty that Mr. Carroll (a former principal of Sparrow) was Aureilus
4  Value. In the email, he explains that she learned this information through representing BofI in
5  hunting down Aurelius.

6      10.    I have attached hereto as Exhibit 3, an email exchange between Ms. Towill and
7  Ms. Staci Dresher of Mintz Group, an investigative firm that Sheppard Mullin hired, on behalf of
8  MiMedx, to identify Aurelius. Again, I have highlighted relevant portions in yellow.

9      11.    In Exhibit 3, Ms. Towill makes an email introduction between Ms. Dresher and
10 MiMedx's other attorneys, Messrs. Joe Wargo and David Pernini of Wargo French LLP.

11     12.    I have attached a document hereto as Exhibit 4, which is an internal email between
12 employees of Mintz Group. In that email, Ms. Dresher states the following about the new matter
13 description that Mintz Group was hired by Sheppard Mullin to do for MiMedx: "Description:
14 Anonymous Twitter handle @AureliusValue is spreading fake news about MiMedx, a publicly
15 traded company, to intentionally cause its share price to drop. We are tasked to figure out who is
16 behind the Twitter handle. Suspect its hedge fund Sparrow Fund Management (based on work in
17 MG00000382)."

18     13.    I took Ms. Dresher's deposition. I asked her what "MG00000382" was a reference
19 to. She confirmed that referenced work that Mintz Group had done for Sheppard Mullin on behalf
20 of Axos.

21     14.    Through Ms. Dresher's deposition, her counsel repeatedly instructed her not to
22 answer any question that called for her to reveal information she had learned while working for
23 Sheppard Mullin on behalf of Axos. Her counsel, Mr. Kimo Peluso, asserted this was because
24 Axos so instructed him and that it would not waive any privilege. I repeatedly explained that the
25 court had already ruled that MiMedx's prefiling and post-filing factual investigations were not
26 privileged. Nevertheless, he claimed Axos explicitly instructed him to not allow Ms. Dresher to
27 testify about any work product or investigations or material she had learned or obtained about
28 Aurelius while working on behalf of Axos.

15. I have attached hereto as Exhibit 5 a copy of the relevant portions of that deposition transcript with her confirmation of the foregoing point highlighted in yellow.

16. I have attached hereto as Exhibit 6 a copy of the final report Mintz Group prepared. I have highlighted portions on page 4 of that exhibit that reference an investigator tracking down Sparrow principals in March 2017. That was nearly six months before Aurelius ever tweeted about MiMedx and before MiMedx had begun any investigation into Aurelius. Given that Sheppard Mullin retained Mintz Group and given that Sheppard Mullin has admitted it was working for Axos during this time period to identify Aurelius, this paragraph is a clear reference to work Axos had paid Mintz Group to do through Sheppard Mullin.

17. I also represent Sparrow in connection with a lawsuit that it has brought in California state court, County of Los Angeles, against the two law firms that facilitated MiMedx's malicious prosecution against Sparrow, Sheppard Mullin and Wargo French LLP. The case is captioned as follows, *Sparrow Fund Management, LP v. Sheppard Mullin Richter & Hampton, LLP, et al*., County of Los Angeles, Case No. 21STCV03686.

18. Sheppard Mullin filed an anti-SLAPP motion in response to that lawsuit. The trial court recently granted the anti-SLAPP motion, though Sparrow intends to appeal immediately, as is its statutory right. Sheppard Mullin argued that it could not properly defend itself because Axos had not waived the privilege. The court granted its motion on this basis. A copy of the Court's order is attached hereto as Exhibit 7.

19. Sparrow has served a subpoena on Sheppard Mullin in this matter. I have been in touch with counsel for Sheppard Mullin. We have already discussed taking the deposition of Ms. Towill. We had a date set aside, but Ms. Towill had to cancel last minute. We are the process of re-scheduling.

20. I have attached hereto as Exhibit 8 a copy of the order the Southern District of New York issued with respect to Sparrow's motion to compel in the above-referenced matter. In connection with this order, the court also reviewed (and is still reviewing) a number of documents *in camera*. The court ordered numerous documents so reviewed to be produced.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND I UNDERSTAND THIS DECLARATION IS MADE FOR USE AS EVIDENCE IN COURT AND IS THEREFORE SUBJECT TO PENALTY FOR PERJURY.**

DATED this 14th day of September 2021.

/s/ Adam S. Heder
Adam S. Heder, CSB #270946,
Counsel for Plaintiff Sparrow Fund
Management, LP